**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **José Rojas-Tapia,**<br><br>   Petitioner<br><br>      v.<br><br>**United States of America,**<br><br>   Respondent. | CIVIL NO. 17-1758 (PG)<br>Related Crim. No. 99-385 (PG)<br><br>CIVIL NO. 17-1759 (DRD)<br>Related Crim. No. 99-309 (DRD) |

## OPINION AND ORDER

Before the court is Petitioner Jose Rojas-Tapia's ("Petitioner" or "Rojas-Tapia") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. Petitioner argues that his conviction and sentence should be vacated because the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was declared unconstitutionally vague in Johnson v. United States ("Johnson II"), 135 S. Ct. 2551 (2015). He also argues that the residual clause of Section 924(c) for which he was convicted, as well as the pre-Booker[1] Career Offender guideline's residual clause[2] under which he was sentenced, are both invalid under Johnson II. For these reasons, Rojas-Tapia requests that this court vacate his convictions and sentences, and resentence him accordingly. The United States opposed each of Petitioner's arguments. See Docket No. 18.

For the reasons discussed as follows, the court **DENIES** Petitioner's motion to vacate.

---

[1] United States v. Booker, 543 U.S. 220 (2005) (holding that the U.S. Sentencing Guidelines are advisory).
[2] USSG § 4B1.2(a)(2).

## I. BACKGROUND

In 1999, Rojas-Tapia was charged in two separate indictments for robbing postal offices and putting his victims' lives in jeopardy through the use of dangerous weapons. The first indictment was filed in September of 1999 (Criminal Case No. 99-309 (DRD)). It charged the petitioner with six counts based on events that took place on September 2, 1999, namely: (1) aiding and abetting in an assault on postal employees with the intent to rob, jeopardizing lives in the commission of the offense by using dangerous weapons in violation of 18 U.S.C. § 2114(a) and 2 (Count One); (2) using and carrying firearms during and in relation to the crime charged in Count One, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Two and Three); (3) possessing firearms in a federal facility, in violation of 18 U.S.C. §§ 930(b) and 2 (Count Four); (4) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Five); and (5) attempting to kill police officer Luis Castro in the course of possessing firearms in a federal facility, in violation of 18 U.S.C. §§ 930(c) and 2 (Count Six). See *Presentence Investigation Report*, Crim. No. 99-385 (PG), Docket No. 66 at pages 1-2.

The second indictment was filed on December 27, 1999. The charges brought therein were in relation to another postal office robbery that occurred on August 10, 1999. Petitioner was charged in this subsequent criminal case, 99-cr-385(PG), with the following: (1) aiding and abetting in an assault on postal employees with the intent to rob, jeopardizing lives during the commission of the offense by using dangerous weapons in violation of 18 U.S.C. §§ 2114(a) and 2 (Count One); (2) using and carrying firearms during and in relation to the crime charged in Count One in violation of 18 U.S.C. §§ 924(c) and 2 (Count Two and Three); (3) possessing firearms in a federal facility in violation of 18 U.S.C. §§ 930(b) and 2 (Count Four); and (4) being

a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Five). See id. pg. 1-2.

Both criminal cases were consolidated for plea and sentence. Rojas-Tapia plead guilty to all counts on October 20, 2000. See id. pg. 3. On October 10, 2001, the court sentenced Rojas-Tapia in Crim. No. 99-385 (PG) to 262 months as to Count 1, 60 months as to Count 4, and 180 months as to Count 5, all to be served concurrently with each other and concurrently with Counts 1, 4 and 5 in Crim. No. 99-309 (DRD). See Crim. No. 99-385 (PG), Docket No. 99 at pg. 2. The court also sentenced him to 84 months for Count 2 and 120 months for Count 3, to be served consecutively to the term of imprisonment imposed in Crim. No. 99-309 (DRD), for a resulting total of 382 months. See id. at pg. 3. For the counts in Crim. No. 99-309 (DRD), the court sentenced Rojas-Tapia to 262 months as to Count 1, 60 months as to Count 4 and 180 months as to Count 5, all to be served concurrently with each other and with counts 1, 4, 5 in Crim. No. 99-385 (PG). See Crim. No. 99-309 (DRD), Docket No. 268 at pg. 2. For Counts 2 and 3, the Court added 300 months to be served concurrently with each other but consecutively to the sentence imposed on the remaining counts. See id. pg. 3. Petitioner was sentenced to a total of **682 months** (382 + 300) of imprisonment.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

### III. DISCUSSION

On December 21, 2018, Rojas-Tapia filed the above-captioned motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence. See Docket No. 1. In his petition, Rojas-Tapia argues that his sentences violate due process and are no longer authorized by law. See Docket No. 1 at pg. 1. Specifically, Rojas-Tapia claims that pursuant to Johnson II: (1) he no longer qualifies as an Armed Career Criminal because his prior convictions are not "violent felonies" under the ACCA's force clause, (2) he is not guilty of Counts Two and Three of both criminal cases since they no longer qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(B)'s unconstitutional residual clause, and (3) he no longer qualifies for an enhanced base offense level of 26 under USSG 2K2.1(a)(1), because absent the unconstitutional residual clause in USSG § 4B1.2(a)(2), his prior convictions are no longer "crimes of violence." See Docket No. 1 at pg. 1-2.

### A. ACCA Enhancement under 18 U.S.C. § 924(e)

Under the ACCA, a defendant may be convicted as a career criminal for the possession of a firearm when the offender has three or more prior convictions for a violent felony or a serious drug offense. See 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (the force clause), or (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated offenses clause). 18 U.S.C. § 924(e)(2)(B). With regards to the force clause at issue here, the term "physical force" means "violent force—that is, force capable of causing physical pain or injury to another person." United States v. Starks, 861 F.3d 306, 314 (1st Cir. 2017) (citing Johnson v. United States ("Johnson I"), 559 U.S. 133, 140 (2010)).

To determine whether a defendant's prior conviction for a certain crime satisfies the force clause, courts must apply the "categorical approach." See Starks, 861 F.3d at 315. "This means that a prior conviction will either count or not based solely on the fact of conviction rather than on facts particular to the individual defendant's case." United States v. Faust, 853 F.3d 39, 50 (1st Cir. 2017) (citing Taylor v. United States, 495 U.S. 575, 602 (1990) (finding that "the only plausible interpretation" of the ACCA is that "it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense"). "The categorical or modified categorical approach 'applies not just to jury verdicts, but also to plea agreements.'" United States v. Mohamed, 920 F.3d 94, 101 (1st Cir. 2019) (citing Descamps v. United States, 570 U.S. 254, 262-63 (2013)).

Rojas-Tapia has various prior convictions that could be enough to trigger the ACCA's enhancement provision, starting with a serious drug offense, as well as several violent felonies. These shall be discussed in turn.

*1. Serious Drug Offense*

The relevant definition of "serious drug offense" under the ACCA is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). It stems from the Presentence Report in this case that Petitioner was previously convicted of violating Article 401 of the Puerto Rico Controlled Substances Law.[3] See *PSR*, Crim. No. 99-385 (PG), Docket No. 66 at ¶ 61. Section 2401 of said statute states that "… it shall be unlawful for any person knowingly or intentionally: (1) to …

---

[3] P.R. LAWS ANN. tit. 24, § 2401.

possess with the intent to … distribute … a controlled substance." P.R. LAWS ANN. tit. 24, § 2401. Violating § 2401 carries a maximum term of imprisonment of 20 years. See id. Specifically, Rojas-Tapia was charged with possessing with the intent to distribute 256 capsules of cocaine (approximately one ounce of cocaine) on July 28, 1996. See id. at ¶ 61. On January 14, 1997, Rojas-Tapia pled guilty to this charge and was sentenced. Id.

Since the Petitioner was convicted under state law for possessing cocaine with the intent to distribute, and that crime carried a maximum penalty of more than 10 years of imprisonment, the conviction qualifies as a serious drug offense under the ACCA. See Fagan v. United States, 256 F. Supp.3d 53, at 56 (D. Mass. 2017) ("The relevant statute here … allows for a maximum possible penalty of ten years' incarceration, and, thus, fits comfortably in the ambit of serious drug offense as that term is defined in 18 U.S.C § 924(e)(2)(A)(ii).").[4]

*2. Puerto Rico Murder and Attempted Murder*

In April of 1997, Rojas-Tapia was charged with the murder of a police officer and four attempted murders. See *PSR*, Crim. No. 99-385 (PG), Docket No. 66 at ¶ 64. In February 3, 1998, Rojas-Tapia pled guilty and was sentenced to 99 years for each charge. See id.; Dockets No. 18-2, 18-3.

In his motion to vacate, Petitioner advances several arguments to conclude that murder and attempted murder, as defined by Puerto Rico law, are not violent felonies pursuant to the ACCA's force clause. See Docket No. 1 at pages 18, 21-22. But the undersigned has previously rejected identical assertions. "Contrary to Petitioner's argument, … Puerto Rico case law

---

[4] At any rate, as argued by the government in its response, Rojas-Tapia has failed to develop any argument suggesting that this prior conviction would not qualify as a predicate offense. Hence, "the argument is waived for lack of development." United States v. Brown, 945 F.3d 597, 602 (1st Cir. 2019) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")).

establishes that murder and attempted murder categorically fit the requirements set forth by the ACCA's force clause." Hernandez-Favale v. United States, No. CR 96-070 (PG), 2018 WL 3490797, at *2 (D.P.R. July 18, 2018) (finding murder under Puerto Rico law requires violent acts capable of causing injury to another person). For reasons of brevity, the court incorporates herein the analysis laid down in Hernandez-Favale and rejects Petitioner's contention for the reasons set forth therein.

*3. Puerto Rico Carjacking*

It also stems from the Presentence Report that Petitioner was previously convicted of two armed carjackings in violation of Article 173B of the Puerto Rico Penal Code.[5] See *PSR*, Crim. No. 99-385 (PG), Docket No. 66 at ¶¶ 64-65; Dockets No. 18-4, 19. Robbery of a vehicle, as defined by Article 173B of the Puerto Rico Penal Code, required the same elements as robbery under Article 173[6] and added two elements: (1) the use of a deadly weapon, and (2) the taking of a motor vehicle. See P.R. LAWS ANN. tit. 33, § 4279B (repealed 2004).

Petitioner argues that his conviction for robbery of a vehicle under Article 173B "does not categorically qualify as a violent felony" and that his "use of a deadly weapon is not dispositive" of the issue. See Docket No. 1 at p. 15. Rojas-Tapia relies on the Ninth's Circuit's holding in United States v. Parnell,[7] where the Court reasoned that just because a person is armed, it does not mean that he or she has used the weapon or threatened to use it. See Parnell, 818 F.3d at

---

[5] P.R. LAWS ANN. tit. 33, § 4279B.
[6] "Every person who unlawfully appropriates for himself personal property belonging to another, whether taking them from his person or from the person having possession thereof, or in his immediate presence and against his will, by means of violence or intimidation, shall be punishable [in accordance with the remainder of the statute.]" P.R. LAWS ANN. tit. 33, § 4279.
[7] United States v. Parnell, 818 F.3d 974, 980-981 (9th Cir. 2016) (holding courts may not presume an implied threat to use a weapon from a defendant's mere possession of it, for purposes of determining whether the force clause of the ACCA has been satisfied).

980 ("The mere fact an individual is armed, however, does not mean he or she has used the weapon, or threatened to use it, in any way.").

In contrast, the government argues that "the required use of a deadly weapon satisfies the requirement of use of force or threatened use of force." Docket No. 18 at page 9. The government supports its argument citing the First Circuit's holding in Taylor, where the Court stated that an enhanced offense adding "the element of a dangerous weapon **imports** the 'violent force' required by Johnson into the otherwise overbroad simple assault statute." Taylor, 848 F.3d at 494 (citation omitted) (emphasis ours). In Taylor, the Court defined a deadly or dangerous weapon as "any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person." The court agrees with the government.

In fact, the undersigned has previously rejected the argument Petitioner raises now. In Hernandez-Favale, the court found petitioner's identical argument meritless. To that effect, the Puerto Rico carjacking statute was distinguished from the offense in question in Parnell because "[t]he Massachusetts armed robbery statute at issue in Parnell merely required that the person be armed with a dangerous weapon, thus it did not require the use of the weapon, contrary to the statute at issue in this case." Hernandez-Favale, 2018 WL 3490797, at *4. As more recently stated by Chief Judge Gustavo A. Gelpí, "contrary to the armed robbery statute in Parnell, the plain language of Article 173-B suggests that the person who violates the carjacking statute must commit the crime 'using an object capable of causing grave bodily injury[.]'P.R. Laws Ann. Tit. 33, § 4279bP.R. Laws Ann. Tit. 33, § 4279b." Rodriguez-Mendez v. United States, No. CR 05-0340(CCC-GAG), 2020 WL 1181980, at *3 (D.P.R. Mar. 11, 2020) ("After examining Taylor, and using a categorical approach, the Court holds that the carjacking element requiring the use of a

deadly or dangerous weapon imports the 'violent force' required by Johnson into the robbery statute.") (citing Taylor, 848 F.3d at 494). [8]

> Therefore, by requiring as an element of the offense the use of a deadly weapon, Puerto Rico's robbery of a motor vehicle statute clearly requires the use, attempted use, or threatened use of physical force against the person of another, and said offense falls within the meaning of a "violent felony" pursuant to 18 U.S.C. 924(e)(2)(B)(i).

Hernandez-Favale, 2018 WL 3490797, at *4. Considering the foregoing, the court once again agrees with the government's stance and finds the robbery of a vehicle as defined by Puerto Rico law is a violent felony for purposes of the ACCA's force clause.

The court has found that Petitioner's previous offenses of first degree murder, attempted murder, and robbery of a vehicle are all violent felonies as defined by the ACCA. Accordingly, the court concludes that between the serious drug offense and the violent felonies, Rojas-Tapia has more than enough prior convictions to qualify for the career offender enhancement under the ACCA.[9] Rojas-Tapia motion is thus **DENIED** on those grounds.

---

[8] For purposes of this Order, the court adopts the categorical approach analysis set forth in Rodriguez-Mendez v. United States, No. CR 05-0340(CCC-GAG), 2020 WL 1181980 (D.P.R. Mar. 11, 2020).

[9] Petitioner also argues that his sentence is unlawful because Johnson II invalidates the identically-worded residual clause of the Career Offender guideline, USSG § 4B1.2(a)(2), which at the time of his pre-Booker sentence was mandatory. He claims he no longer qualifies for an enhanced base offense level because, absent the residual clause, his prior convictions no longer qualify as "crimes of violence" under the Guidelines. See Docket No. 1 at pages 31-37. But Petitioner's argument is unavailing for the same reasons set forth in this section. The court has deemed several of his prior convictions are indeed violent felonies, and thus, he would qualify as a career offender under the force clause of USSG § 4B1.2(a)(1). See United States v. Dancy, 640 F.3d 455, 466 n.9 (1st Cir. 2011) ("We have held that 'the terms "crime of violence" under the career offender Guideline and "violent felony" under the ACCA are nearly identical in meaning, so that decisions construing one term inform the construction of the other.'"). As a result, "this Court need not address the merits of Petitioner's Johnson claim (here, whether Johnson applies to Petitioner's pre-Booker sentence); Petitioner would not be entitled to relief … ." Brichetto v. United States, No. 2:03-CR-00024-GZS, 2018 WL 4305750, at *7 (D. Me. Sept. 10, 2018) (citing United States v. Hall, No. 2:02-cr-00063-DBH (D. Me. Dec. 21, 2017) (Recommended Decision, ECF No. 79 at 5; Order Affirming, ECF No. 80) (noting the issue of whether Johnson invalidates the pre-Booker sentencing guidelines residual clause has not been decided, but it need not be resolved in Hall's case, because regardless of how the Court ruled on the issue, the petitioner would qualify as a career offender under the force clause); Hall v. United States, 2017 WL 6045423 (D. Me. Dec. 6, 2017) (recommended decision)). Petitioner's motion is thus **DENIED** on those grounds as well.

**B. Crime of Violence under 18 U.S.C. § 924(c)**

In his motion, Rojas-Tapia also argues that this court should vacate his convictions and sentences for Counts Two and Three of both criminal cases. As previously set forth, Counts Two and Three in both 99-309(DRD) and 99-385(PG) charged Petitioner with violations to 18 U.S.C. § 924(c) for using and carrying firearms during and in relation to the crime charged in Count One, to wit, aiding and abetting in an assault on postal employees with the intent to rob, jeopardizing lives during the commission of the offense by using dangerous weapons in violation of 18 U.S.C. § 2114(a) and 2. Petitioner claims that under the principles set forth in Johnson II, Section 924(c)'s residual clause should also be deemed invalid and that the "crime of violence" charged alongside the 924(c) violations – aiding and abetting postal robbery – fails to categorically qualify as a crime of violence under the statute's "force clause" contained in 18 U.S.C. § 924(c)(3)(A). As such, without 924(c)'s residual clause, Rojas-Tapia claims he is not guilty of Counts Two and Three in either criminal case, and his convictions and sentences on those counts must be vacated. See Docket No. 1 at pages 1-2.

Section 924(c)(1)(A) provides for a sentencing enhancement when a defendant, during and in relation to any crime of violence, uses or carries a firearm or possesses a firearm in furtherance of such crime of violence. See 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3). Subsection (A) of the definition is "commonly referred to as the 'force clause' or 'element clause.' The other definition is … referred to as the 'residual clause.'" Arocho-

Mercado v. United States, No. CR 14-107-1 (ADC), 2020 WL 624200, at *1 (D.P.R. Feb. 10, 2020).

The court first notes that after Petitioner and the government filed their motion and response, respectively, the Supreme Court held that the residual clause contained in Section 924(c)(3)(B) is indeed unconstitutionally vague. See United States v. Davis, 139 S.Ct. 2319, 2336 (2019). Hence, with 924(c)'s residual clause gone, the court must determine whether the predicate offense underlying Counts Two and Three in both criminal cases qualifies as a "crime of violence" under the elements clause of 18 U.S.C. § 924(c)(3)(A).

The predicate offense in this case is aiding and abetting in an assault against postal employee with the intent to rob in violation of 18 U.S.C. § 2114(a), which states as follows:

> (a) Assault.--A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; **and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years**.

18 U.S.C.A. § 2114(a) (emphasis ours). Rojas-Tapia was charged with the latter version of this offense because he jeopardized the lives of the postal employees by the use of dangerous weapons. See *PSR*, Crim. No. 99-385 (PG), Docket No. 66. at ¶¶ 1-2. As previously stated, "[t]o assess whether a predicate crime qualifies as a 'crime of violence' under the force clause of § 924(c), we apply a categorical approach." United States v. Cruz-Rivera, 904 F.3d 63, 66 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1391, 203 L. Ed. 2d 623 (2019).

On the one hand, Petitioner argues that postal robbery in violation of 18 U.S.C. § 2114, or aiding and abetting one, does not require the use, attempted use, or threatened use of physical force, and thus, fails to qualify as a crime of violence under Section 924(c)(3)'s force clause. See Docket No. 1 at pages 28-31. In contrast, the government notes that "Rojas-Tapia was convicted of § 2114(a) with the aggravator that he 'put li[ves] in jeopardy by the use of dangerous weapons,'"[10] which, as stated in Taylor, imports the violent force element required by Johnson. The government bolsters its argument with a string citation of "persuasive authority that postal robbery qualifies as a crime of violence under § 924(c)'s force clause." Docket No. 18 at page 11. The court agrees with the latter.

After applying the categorical approach to the predicate offense to determine whether it constitutes a "crime of violence" for purposes of § 924(c)(3), the Fourth, Sixth, Seventh and Eleventh Circuits, as well as other district courts, have held that because the statute is divisible,[11] "the additional life-in-jeopardy-with-a-dangerous-weapon element" transforms an assault in violation of 18 U.S.C. § 2114(a) into a crime of violence under the Section 924(c)(3)'s force clause. United States v. Bryant, 949 F.3d 168, 180 (4th Cir. 2020) (assault with intent to rob, steal, or purloin a postal employee by placing their life in jeopardy by using a dangerous weapon in violation of 18 U.S.C. § 2114(a) is categorically a crime of violence under § 924(c)'s force clause because the additional "life-in-jeopardy-with-a-dangerous-weapon element" transforms such an assault into a crime of violence); Knight v. United States, 936 F.3d 495 (6th Cir. 2019) (holding that assault and robbery of a postal employee under § 2114(a) constituted a "crime of violence" because it satisfied the elements clause of § 924(c)(3)); United States v. Enoch, 865 F.3d 575, 580 (7th Cir. 2017) (finding Section 2114(a) is a divisible statute with two distinct parts

---

[10] Docket No. 18 at page 12.
[11] Divisibility shall be discussed *infra*.

with separate elements and sentences and concluding that the second part of the statute constitutes a crime of violence after applying the modified categorical approach); In re Watts, 829 F.3d 1287, 1289-90 (11th Cir. 2016). See also Moody v. United States, No. 1:07-CR-00139-MAT, 2020 WL 529281, at *8 (W.D.N.Y. Feb. 3, 2020) ("[T]he aggravated offense under 18 U.S.C. § 2114(a) ... constitutes a crime of violence under the elements clause of § 924(c)(3)(A), which has not been affected by Johnson II or Davis."); McDuffie v. United States, No. 1:16-CV-775 (LMB), 2019 WL 3949303, at *5 (E.D. Va. Aug. 21, 2019) (finding that § 2114(a) is a divisible statute and enhanced portion qualifies as a crime of violence under the force clause); Dorsey v. United States, No. 1:16-CV-738 (LMB), 2019 WL 3947914, at *4 (E.D. Va. Aug. 21, 2019), *appeal dismissed*, 797 F. App'x 798 (4th Cir. 2020) (finding that divisible offense underlying Dorsey's § 924(c) conviction, to wit, the enhanced portion of § 2114(a) for which he was convicted, qualifies as a crime of violence under the force clause); Buck v. United States, No. CR-95-00386-PHX-SRB, 2018 WL 6111787, at *5 (D. Ariz. Nov. 1, 2018), *report and recommendation adopted*, No. CR-95-00386-PHX-SRB, 2018 WL 6110938 (D. Ariz. Nov. 21, 2018) (relying on Enoch to hold that § 2114(a) is divisible and is a crime of violence under the elements clause of § 924(c)(3)(A)); Williams v. United States, No. C16-5559 BHS, 2017 WL 1166141, at *6 (W.D. Wash. Mar. 29, 2017) (holding that § 2114(a) is divisible and that "the aggravated form of § 2114(a) robbery necessarily includes as an element the use, attempted use, or threatened use of force capable of causing physical pain or injury").

In most of these cases, the courts have first determined that Section 2114(a) is a divisible statute, and thus, that the application of the modified categorical approach is appropriate when determining whether the statute of conviction qualifies as a crime of violence under the force clause. See also Gray v. United States, Nos. CV 16-9680 & CR 95-160, 2018 WL 8838797, at *6 (C.D. Cal. Nov. 6, 2018) ("Section 2114(a) describes two levels of offense subject to different

punishments.... Therefore, [it] is divisible into at least two parts, each defining a crime, making the modified categorical approach appropriate."). Divisible statutes are "those 'that contain several different crimes, each described separately ... ." Mohamed, 920 F.3d at 101 (citing Moncrieffe v. Holder, 569 U.S. 184, 191 (2013)).

> If a statute is divisible, then we apply the modified categorical approach: we consult a limited category of documents known as "Shepard Documents" — including the indictment or information and the jury instructions — to figure out which version of the crime the defendant was charged with committing, then we consider what those elements require.

Taylor, 848 F.3d at 492.

In his motion, Petitioner disregards the issue of the statute's divisibility and the application of the modified categorical approach. Instead, he limits his analysis to the "general robbery" component of the statute for purposes of arguing that the offense is not a crime of violence. See Docket No. 1 at pages 28-30. But as pointed out by the government in its opposition, Petitioner was convicted of the aggravated version of the crime in the second clause of Section 2114(a), which carries an enhanced maximum penalty, because he put the lives of postal employees in jeopardy by the use of dangerous weapons, to wit, a pistol and a semi-automatic AK-47 type of assault rifle. See Docket No. 18 at pages 11-12.

"A deadly or dangerous weapon is 'any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person.'" Taylor, 848 F.3d at 493–94 (citing United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir. 1990)). As previously set forth, to satisfy the force clause in Section 924(c)(3)(A), the predicate offense in question must be a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). "The Supreme Court has defined 'physical force' in a similarly-worded statute as 'violent force—that is, force capable of causing physical

pain or injury to another person.'" United States v. Seams, No. CR 14-049 S, 2017 WL 2982962, at *3 (D.R.I. July 12, 2017) (citing Johnson v. United States ("Johnson I"), 559 U.S. 133, 140 (2010)). Hence, "the element of a dangerous weapon imports the 'violent force' required by Johnson into the otherwise overbroad simple assault statute… [T]his enhancement necessarily requires the use or threat of force capable of causing physical pain or injury to another." Taylor, 848 F.3d at 494 (citation omitted). The same logic applies to Petitioner's case. So, after careful review of the relevant caselaw, the undersigned is persuaded that § 2114(a) is indeed divisible, and that upon application of the modified categorical approach, the aggravated version of the crime for which Petitioner was convicted is a crime of violence under the elements clause in § 924(c)(3)(A).[12]

Finally, Rojas-Tapia seeks to vacate his conviction for Counts Two and Three in both criminal cases on the grounds that he was charged with bank robbery as an aider and abettor, which "does not require the use, attempted use, or threatened use of violent physical force. Therefore, the offense does not categorically qualify under the force clause." See Docket No. 1 at pages 31. However, Petitioner's argument is unavailing because this court has already held that the underlying criminal act was a crime of violence and "[f]ederal law … says that a person who aids or abets the commission of a federal crime 'is punishable as a principal.'" United States v. Rodriguez-Torres, 939 F.3d 16, 43 (1st Cir. 2019) (citing 18 U.S.C. § 2). See also United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018) (where aiding and abetting a Hobbs Act robbery can categorically constitute a "crime of violence" under the force clause of the ACCA, an aider and abettor is punishable as a principal, and thus no different for purposes of the categorical approach than one who commits the substantive offense).

---

[12] The court need not discuss here whether the first clause of the statute is a crime of violence.

Pursuant to all of the foregoing, the court finds that Petitioner's offense of conviction qualifies as a crime of violence under § 924(c)(3)'s elements clause. As a result, the court **DENIES** Petitioner's request to vacate his convictions under § 924(c).

## IV.  CONCLUSION

For all the reasons stated above, Rojas-Tapia's request for relief under 28 U.S.C. § 2255 (Docket No. 1) is hereby **DENIED**. The case is **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

## V.  CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, May 1, 2020.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**